NATHANIEL GOULD *v.* ISAAC MATHEWSON.

Where a debtor, having been imprisoned by virtue of an execution against him, was admitted to the liberties of the prison, and subsequently, under the Act of Congress of August 19, 1841, obtained from the district court a certificate of discharge as a bankrupt, and the execution creditor refused to discharge him from imprisonment, or to consent to his going at large, it was held, that the debtor could not maintain *audita querela* against the creditor to compel the creditor to discharge him, but that he must judge for himself, whether his discharge as a bankrupt was sufficient to justify him in going at large, and must act accordingly.*

AUDITA QUERELA. The plaintiff alleged in his complaint, in substance, that, on the 10th day of August, 1833, he was committed to the jail in the county of Rutland by virtue of an execution in favor of the defendant against him, and that he had ever since remained confined within the liberties of the prison by virtue of the said execution ; that on the first day of September, 1842, he was, by the district court of the United States for the district of Vermont, upon due proceedings had under the Act of Congress of August 19, 1841, allowed his discharge and certificate as a bankrupt; and that the defendant refused to release the plaintiff from his imprisonment by virtue of said execution, but contended that the debt was not discharged by the decree in bankruptcy, and that the sureties upon the plaintiff's jail bond would be liable for an escape, if the plaintiff should depart from the liberties of the prison.

The defendant pleaded, that the plaintiff, after his commitment upon the execution and before he obtained his discharge in bankruptcy, was admitted to the liberties of the prison, giving a suitable jail bond, and that the defendant had reason to believe and did believe, that the plaintiff committed and escape, and that so the jail bond had become forfeited, and was in full force, at least against the sureties on the bond ; and that, if the plaintiff was, by virtue of his discharge in bankruptcy, released from all liability upon the ex-

---

*But if the debtor, in such case, be actually in prison, he may sustain *audita querela* against the creditor, in order to obtain his liberty. *Comstock* v. *Grout,* 17 Vt. 512.

ecution and jail bond, he was at liberty to depart from the liberties of the prison by virtue of said discharge, without any act or hindrance on the part of the defendant. To this plea there was a general demurrer and joinder in demurrer.

The county court rendered judgment in favor of the defendant. Exceptions by plaintiff.

*R. Peirpoint* for plaintiff.

1. The plaintiff contends, that the defendant's plea is bad, because,—1, It does not deny any allegation in the declaration;— 2, It does not allege any new matter, calculated to avoid the allegations in the declaration.

2. The plaintiff contends, that the declaration shows a good cause of action. Matter of discharge is set forth, which arose subsequent to the judgment on which the plaintiff was committed, and matter of which the plaintiff cannot have the benefit, but by writ of *audita querela.* 1 Com. Dig. 785. *Baker* v. *Judges of Ulster Com. Pleas,* 4 Johns. 191. *Thatcher* v. *Gammon,* 12 Mass. 270. 2 Johns. Cas. 261. *Brooks* v. *Hunt,* 17 Johns 487. *Lovejoy* v. *Webber,* 10 Mass. 103.

*R. R. Thrall* for defendant.

If the plaintiff was discharged by virtue of his discharge in bankruptcy, he was at liberty to go at large without any act of the defendant.

The opinion of the court was delivered by

ROYCE, J. As we regard the plea in this case as of no importance, the only question is, whether the plaintiff states in his complaint a proper case for relief by *audita querela.* A person, who has obtained the liberties of the prison by giving a jail bond, is not actually imprisoned, otherwise than by his bond, or contract. No force being used to restrain him, he has his option whether to remain within the jail limits, or to depart, risking the pecuniary consequences. We therefore consider the case as being essentially different from those cited, which were all cases of actual confinement in custody. This case is more like that of a person on the jail limits, who takes the poor debtor's oath. He claims, as the

plaintiff now does, that by operation of law he has become discharged from his imprisonment.   But it was never known that an *audita querela* would lie in such a case, because the creditor declined to do any act to ratify the discharge.   In all such cases the party and his sureties judge for themselves; and if they deem the discharge effectual, they will act accordingly.   And so far as the matter of imprisonment is concerned, those cases would seem to be strictly analogous to the present.   There is no occasion to decide whether this remedy would be appropriate, were the plaintiff actually confined in prison.

Judgment of county court affirmed.